UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MD TITLE, LLC** | **CASE NO. 6:23-CV-01147** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WATTERFORD INSURANCE CO., ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM ORDER

Before the Court is Defendant United Wholesale Mortgage's ("UWM") Motions to Dismiss pursuant to F.R.C.P. Rule 12(b)(2) and 12(b)(6) or Motion for More Definitive Statement pursuant to Rule 12(e) (Rec. Doc. 21). Plaintiff, MD Title, LLC, opposed the motions (Rec. Doc. 23), and UWM replied. (Rec. Doc. 27). Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court DENIES UWM's 12(b)(2) and 12(b)(6) Motions to Dismiss WITHOUT PREJUDICE and GRANTS UWM's 12(e) Motion for More Definite Statement (Rec. Doc. 21). Plaintiff is ordered to file an Amended Complaint to include the factual allegations first raised in their Memorandum in Opposition (Rec. Doc. 23). Plaintiff shall file its Amended Complaint within 14 days, and UWM may re-urge their Motions to Dismiss if appropriate.

**Facts and Procedural History**

Plaintiff filed the present action on May 8, 2023, in the 15th Judicial District Court, Lafayette Parish, Louisiana, following a wire fraud incident that occurred on or about February 12, 2022. (Rec. Doc. 3). On August 23, 2023, Co-Defendant Watford Insurance Company filed a Notice of Removal citing diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Rec. Doc. 1), and on August 25, 2023, the Court entered a Removal Order. (Rec. Doc. 7). On September 29, 2023, both Co-Defendant Watford and Co-Defendant Certain Underwriters at Lloyds London filed Answers to Plaintiff's Petition for Damages. (Rec. Docs. 18 & 20). On that same date, UWM filed the Motion to Dismiss presently before the Court (Rec. Doc. 21).

According to the Petition for Damages, on January 25, 2022, Plaintiff received mortgage payoff instructions for a client via the same fax number used by UWM to transmit mortgage payoff instructions. (Rec. Doc. 3, ¶ 4). Following their client's real estate sale closing, on February 12, 2022, Plaintiff sent a wire transfer in the amount of $164,859.62 in accordance with the instructions provided in the fax received from UWM to pay off their client's existing mortgage. (*Id*. at ¶¶ 5-6). In May of 2022, Plaintiff was contacted by their client who was informed by UWM that the mortgage payoff wire transfer was never received. (*Id*. at ¶ 7). Through investigation, UWM determined that the wire transfer instructions provided via fax on January 25, 2022, were fraudulent. (*Id*. at ¶ 10). Plaintiff was subsequently

informed that the wire transfer was actually directed to an account with JP Morgan Chase Bank, the funds were withdrawn, and the account was closed. (*Id*. at ¶ 11). Plaintiff maintains that UWM breached its duty to them by failing to protect its systems, failing to secure data, failing to ensure that instruction for wire transfers are accurate, failing to utilize secure methods for the transmission of wire transfer instructions, failing to verify accuracy of wire instructions, and failing to utilize a more secure system for wire transfer instructions, as well as other duties that caused or contributed to the loss sued upon. (*Id*. at ¶¶ 13-16).

In their Motions to Dismiss, UWM maintains that Plaintiff failed to assert any facts connecting UWM to the forum state and/or failed to state a claim upon which relief can be granted. (Rec. Doc. 21). Accordingly, UWM requests that Plaintiff's claims be dismissed. (*Id*.). Alternatively, UWM requests that Plaintiff be ordered to make a more definite statement. (*Id*.). Specifically, UWM requests that Plaintiff be ordered "to (1) identify the alleged borrower; (2) provide the location of the property at issue; (3) provide specific facts regarding the alleged loss sustained by Plaintiff; (4) provide a factual basis for the alleged duty or duties owed to Plaintiff by UWM; and (5) provide specific facts as to how UWM breached the alleged duty or duties it claims were owned to Plaintiff." (*Id*.).

## Law and Analysis

Pursuant to Fed. R. Civ. P. 12(e):

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

When evaluating a 12(e) motion, the Court must also consider Fed. R. Civ. P. 8's notice pleading standard.  Pursuant to Rule 8:

A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

As the Fifth Circuit has explained:

[G]reat care must be used in passing on a motion for definite statement. In view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. It is to be noted that a motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such.

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

The matter before the Court presents a unique procedural issue. While Plaintiff's state Petition for Damages (Rec. Doc. 3) provides a generalized recitation of the facts, Plaintiff's Memorandum in Opposition to UWM's Motion (Rec. Doc. 23) asserts additional, specific facts, many of which are the very details requested by UWM in their Motion for More Definite Statement (Rec. Doc. 21).

Accordingly, in the interest of ensuring that the record is clear and complete, and in the interest of judicial economy, the Court DENIES UWM's 12(b)(2) and 12(b)(6) Motions to Dismiss WITHOUT PREJUDICE and GRANTS UWM's 12(e) Motion for More Definite Statement (Rec. Doc. 21). Plaintiff is ordered to file an Amended Complaint to include the factual allegations first raised in their Memorandum in Opposition (Rec. Doc. 23). Plaintiff shall file its Amended Complaint within 14 days, and UWM may re-urge their Motions to Dismiss if appropriate.

## **Conclusion**

For the reasons discussed herein, it is ORDERED that UWM's Motions to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6) be DENIED WITHOUT PREJUDICE and UWM's Motion for More Definite Statement (Rec. Doc. 21) be GRANTED. Plaintiff is ordered to file an Amended Complaint to include the factual allegations first raised in their Memorandum in Opposition (Rec. Doc. 23). Plaintiff

shall file its Amended Complaint within 14 days, and UWM may re-urge their Motions to Dismiss if appropriate.

THUS DONE in Chambers, Lafayette, Louisiana on this 4th day of January, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE